UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN SCARLETT,<br><br>   Plaintiff,<br>   v.<br><br>JOHN DOE, et al.,<br><br>   Defendants. | CASE NO. C19-1418JLR<br><br>ORDER DENYING MOTION TO CONTINUE TRIAL DATE |

Before the court is Defendants Swissport Cargo Services, L.P., Swissport Fueling, Inc., and Swissport U.S.A. Inc.'s (collectively "Swissport") motion to continue the trial date. (*See* Mot. (Dkt. # 17).) Plaintiff Megan Scarlett opposes the motion. (Resp. (Dkt. # 19).) For the reasons set forth below, the court DENIES Swissport's motion.

Swissport removed this case to federal court on September 4, 2019. (*See* Not. of Removal (Dkt. # 1).) Trial is currently set for February 16, 2021, and the discovery deadline is October 19, 2020. (*See* Sched. Order (Dkt. # 14) at 1.) Swissport relies on several apparent discovery disputes between the parties and difficulties created by the

coronavirus 2019 ("COVID-19") pandemic to support its request to continue the trial date. (*See* Mot. at 10.) In response, Ms. Scarlett contends that Swissport's motion to continue the trial date is, in effect, a "preemptive strike" regarding a motion to compel that Swissport was preparing at the time it filed its motion to continue. (*See* Resp. at 4.)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Jackson*, 186 F.R.D. at 608. Further, the court's scheduling order states that the dates are "firm," that "[t]he court will alter these dates only upon good cause shown," and that "failure to complete discovery within the time allowed is not recognized as good cause." (Sched. Order at 2.)

Here, Swissport has not shown good cause to continue the trial date. The presence of unresolved discovery disputes does not constitute good cause. (*See* Sched. Order at 2.)

Moreover, the discovery deadline is several months away. (*See id.* at 2.) Finally, Swissport does not explain why, even if it showed good cause to extend the discovery deadline, that would equate to good cause to extend the trial date as well. (*See generally* Mot.)

The court is aware of the difficulties caused by the COVID-19 pandemic. However, the pandemic began roughly six months before the discovery deadline in this case, and courts, parties, and litigants across the country have adapted to utilizing remote methods more broadly. Swissport fails to explain specifically how the COVID-19 pandemic prevents the parties from taking video or telephonic depositions or timely resolving their disputes regarding document productions and other discovery issues that parties frequently accomplished remotely even before the pandemic began. (*See generally id.*)

For the above reasons, the court DENIES Swissport's motion to continue the trial date. The court further reminds the parties that "the judges of this district are very concerned about professionalism among attorneys, especially in the conduct of discovery" (Local Rules W.D. Wash. LCR Introduction) and encourages the parties to utilize remote methods of discovery wherever possible (*see, e.g.*, Fed R. Civ. P. 30(b)(4) ("The parties

//
//
//
//

ORDER - 3

1 | may stipulate—or the court may on motion order—that a deposition be taken by
2 | telephone or other remote means.")).[1]
3 | Dated this 20th day of July, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[1] The only relief Swissport seeks in its motion is a trial continuance. (*See* Mot. at 11.) Therefore, the court declines to issue discovery-related orders regarding the discovery disputes the parties reference in their briefing, which are not properly before the court at this time.

ORDER - 4